LAWRENCE D. MILLER
Attorney At Law
1200 Sixth Avenue, Suite 300
Belmont, CA 94002

Telephone: (650) 592-9151
Facsimile: 650-350-3257

Attorney for Creditor, Stephanie Rosen, Mike Rosen

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CHRISTOPHER D. COOK<br><br>    Debtor,<br>_____<br><br>STEPHANIE ROSEN and MIKE ROSEN,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CHRISTOPHER D. COOK<br><br>    Defendant. | Chapter 7<br>Case No. 11-30705<br><br>Adversary No.: 11-03115<br><br>OPPOSITION TO DEBTOR'S MOTION TO STRIKE AND OR DISMISS FIRST AMENDED ADVERSARY COMPLAINT TO DETERMINE THE NON-DISCHARGEABILITY OF DEBT FILED BY PLAINTIFFS STEPHANIE ROSEN AND MIKE ROSEN<br><br>Date: October 21, 2011<br>Time: 9:30 a.m.<br>Place: 235 Pine Street, 23rd Floor Courtroom, San Francisco, CA<br>Judge: Hon. Thomas Carlson |

    Plaintiffs submit the following points and authorities in opposition to the debtor's motion to strike and or dismiss Plaintiffs' First Amended Adversary Complaint:

    STANDING:

    Debtor's motion attacks Plaintiffs' standing to bring this adversary proceeding objecting to the debtor's discharge under 11 USC Section 727. The debtor's motion overlooks 11 USC 727(c)(1) which provides:

    (c)(1) The trustee, **a creditor**, or the United States trustee may object to the granting of a

-1-

NOTICE OPPOSITION TO DEBTOR'S MOTION TO STRIKE AND OR DISMISS AMENDED ADVERSARY COMPLAINT FILED BY PLAINTIFF STEPHANIE TOY ROSEN, ET AL.

Case: 11-03115   Doc# 20   Filed: 10/07/11   Entered: 10/07/11 16:43:44   Page 1 of 9

discharge under subsection (a) of this section. (**Emphasis added.**)

(11 U.S.C.A. § 727.)

A creditor has standing to object to the debtor's discharge under 11 USC 727. Even the assignee of a creditor has such standing. (*In re Ota* (1996) 192 B.R. 545.)

STATUTE OF LIMITATIONS

Plaintiffs' complaint was timely filed prior to the bar date. On June 6, 2011, the bar date by which the adversary action objecting to the debtor's discharge must have been filed, Plaintiffs filed their adversary action. This Court determined the filing was timely (Court's tentative ruling filed August 5, 2011, pg. 2, lines 3 through 10). The First Amended Complaint, which alleges the same claims based on the same facts as were alleged in the original Complaint, relates back to the date of filing of the Complaint, to wit: June 6, 2011.

Rule 15 Fed. Rules of Civil Procedure applies in adversary proceedings.
Federal Rules of Bankruptcy Procedure, Rule 7015

> (c) Relation Back of Amendments.
> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> (A) . . . ;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) . . .

(Federal Rules of Civil Procedure, Rule 15.)

> Based on this standard, the Bankruptcy Appellate Panel has held that an amended complaint will relate back if "the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim is identifiable with the original claim." *In re Dean,* 11 B.R. 542, 545 (9th Cir.BAP 1981). In the instant case, the amended complaint is sufficiently identifiable with the original claim since the clear subject of both complaints is the dischargeability of specific loans.
> Furthermore, such a holding is most consistent with the Ninth Circuit's recognition that dismissal is a harsh penalty and lesser sanctions should be explored. *See, e.g., Udom v. Fonseca,* 846 F.2d 1236, 1238 (9th Cir.1988). . . .

(*In re Englander* (1988) 92 B.R. 425, 428 (B.A.P. 9th Cir.).)

Defendant's Motion to Dismiss the Complaint was denied as to the First through Third Claims for Relief, but granted as to the Fourth through Eighth Claims. Plaintiffs' Fourth through Eighth Claims alleged in the Complaint and the Fourth through Seventh Claims alleged in the First Amended Complaint allege the same basic facts. The First Amended Complaint alleges the facts with more specificity.

-2-

NOTICE OPPOSITION TO DEBTOR'S MOTION TO STRIKE AND OR DISMISS AMENDED ADVERSARY COMPLAINT FILED BY PLAINTIFF STEPHANIE TOY ROSEN, ET AL.

Accordingly, the First Amended Complaint relates back to the Complaint, which was timely filed.

Plaintiffs' First Amended Complaint was filed one day after the deadline set by the Court due to Plaintiffs' counsel's inadvertence (Dec. of Lawrence D. Miller).The delay was nominal at best and did not prejudice Defendant.

The analysis begins by noting that several District Courts in this Circuit have accepted untimely filings if based on inadvertence and no prejudice resulted. *See, e. g., Clark v. Small,* No. 09-cv-1484-JMA, 2010 WL 935675, at 1 (S.D.Cal. Mar.15, 2010) (untimely document accepted because "its untimeliness is not prejudicial to Plaintiff."); *Brandon v. Rite Aid Corp., Inc.,* 408 F.Supp.2d 964, 967 (E.D.Cal.2006) (considering untimely documents because "there is no danger of delay or prejudice here."). Here, Plaintiffs' counsel has filed, concurrent with this opposition, a declaration explaining that the amended pleading was late-filed due to Plaintiffs' counsel's oversight having planned to file the First Amended Complaint on August 22, 2011, upon returning from an unrelated court hearing in San Jose, California. The hearing in San Jose did not recess until 5:00 p.m. After the hearing recessed, Plaintiffs' counsel remained in San Jose conferring with counsel's client in that matter until approximately 6:00 p.m. Counsel did not return to counsel's office until August 23, 2011. Upon returning to his office, Plaintiffs' counsel realized he had not timely filed the First Amended Complaint. Counsel was able to file the First Amended Complaint on August 23, 2011, one day late. Plaintiff's counsel has also stated that the late-filing was not done in bad faith and, to the extent Plaintiffs' counsel is aware, Debtor will not be and was not prejudiced (Dec. of Plaintiffs' counsel, pg. 9, paragraph 5). Debtor will have a hard time arguing the one day delay prejudiced him. Unless the Debtor is able to convince this Court by delineating or explaining how he was prejudiced by the First Amended Complaint having been filed one day late, the Ninth Circuit's "forgiving approach to excusable neglect, accepting even "weak" reasons if they reveal mere "negligence and carelessness, not [ ... ] deviousness or willfulness" governs. *See E. & J. Gallo Winery v. Cantine Rallo, S.p.A.,* 430 F.Supp.2d 1064, 1088 (E.D.Cal.2005) citing *Bateman v. U.S. Postal Service,* 231 F.3d 1220, 1225 (9th Cir.2000).

The Complaint was timely filed. The First Amended Complaint relates back to the filing of the Complaint. Filing the First Amended Complaint one day late has not caused any delay and has not prejudiced the Defendant. The lack of prejudice is demonstrated by Defendant having filed his motion to

-3-

NOTICE OPPOSITION TO DEBTOR'S MOTION TO STRIKE AND OR DISMISS AMENDED ADVERSARY COMPLAINT FILED BY PLAINTIFF STEPHANIE TOY ROSEN, ET AL.

Case: 11-03115   Doc# 20   Filed: 10/07/11   Entered: 10/07/11 16:43:44   Page 3 of 9

strike within the time allowed by the Court's order filed August 9, 2011, despite the First Amended Complaint having been filed one day late. The Court's Order that the First Amended Complaint be filed by August 22, 2011, did not alter the June 6, 2011, bar date.

Defendant's filing his motion to strike the First Amended Complaint will cause more delay than Plaintiffs' counsel having filed the First Amended Complaint one day late. Motions to strike are "generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic." (*In re New Century,* (C.D.Cal.2008) 588 F.Supp.2d 1206, 1220.)

## THE FOURTH CLAIM FOR RELIEF

The Fourth Claim for Relief of the Complaint and First Amended Complaint allege the debtor's attempt to wrongfully foreclose on Plaintiff's property at 3199 Moreland Drive, San Bruno, California. The Fourth Claim for Relief of the First Amended Complaint therefore relates back to the date of filing the First Amended Complaint.

## THE FIFTH CLAIM FOR RELIEF

The Fifth Claim for Relief of the Complaint alleges the removal and concealment by the Debtor of property. The Fifth Claim for Relief of the First Amended Complaint likewise alleges the removal and concealment by the Debtor of property. The Fifth Claim for Relief alleged in the Complaint and First Amended Complaint are based on the same facts. The First Amended Complaint therefore relates back to the date of filing of the Complaint.

## THE SIXTH CLAIM FOR RELIEF

The Seventh Claim for Relief of the Complaint and the Sixth Claim for Relief alleged in the First Amended Complaint allege the debtor concealed, destroyed, falsified or failed to keep or preserve records (11 U.S.C. § 727(a)(3)(A). The First Amended Complaint identifies those entities controlled by the debtor for which records are not available. The Sixth Claim for Relief of the First Amended Complaint therefore relates back to the date of filing of the Complaint.

## THE EIGHTH CLAIM FOR RELIEF

The Eighth Claim for Relief of the First Amended Complaint relates to the Seventh Claim for Relief of the Complaint. The Eighth Claim of the First Amended Complaint relates back to the filing of the Seventh Claim for Relief of the Complaint.

-4-

NOTICE OPPOSITION TO DEBTOR'S MOTION TO STRIKE AND OR DISMISS AMENDED ADVERSARY COMPLAINT FILED BY PLAINTIFF STEPHANIE TOY ROSEN, ET AL.

Case: 11-03115    Doc# 20    Filed: 10/07/11    Entered: 10/07/11 16:43:44    Page 4 of 9

The issues of standing and the statute of limitations having been discussed above, Plaintiffs address the adequacy of the Fourth through Seventh Claims for Relief below.

PLAINTIFFS' FOURTH CLAIM FOR RELIEF (11 U.S.C. § 523(a)(6).)

Defendant's motion to strike the Fourth Claim for Relief of the Complaint was granted with leave to amend (Court's Order filed August 9, 2011). The Court's tentative ruling filed August 5, 2011, found the Fourth Claim for Relief to be wanting by failing to allege "that Defendant, in foreclosing on the $15,000 secured promissory note, subjectively intended to injure Plaintiffs, or subjectively believed that harm was substantially certain to occur." (Tentative Ruling filed August 5, 2011, pg. 3, lines 12 through 14.) Plaintiffs' Fourth Claim for Relief of the First Amended Complaint cured the deficiency by alleging in paragraph 30, at pg. 7, lines 14 through 20:

> "In so doing, defendant subjectively intended to use the foreclosure action as an economic bludgeon against plaintiffs and to force plaintiffs to unnecessarily incur attorney's fees, and plaintiffs did in fact incur attorney fees, to defend said action. In doing to [sic] defendant sought to use the litigation to cause economic hardship to plaintiffs in an effort to preclude plaintiffs from pursing their claim against defendant in the state court proceedings. Defendant was subjectively aware that in taking the action alleged herein, that said actions would or were substantially certain to cause the plaintiffs the harm that resulted from said actions."

The Fourth Claim for Relief of the First Amended Complaint cures the deficiency of the Complaint and is therefore not subject to dismissal.

Plaintiffs' Fourth Claim for relief does not allege a denial of discharge based on fraud, but for willful and malicious injury. Although the elements of fraud need not be alleged, the debtor's misrepresentations used to cause the injury are sufficiently alleged to put Defendant on notice of Plaintiffs' claim.

PLAINTIFFS' FIFTH CLAIM FOR RELIEF (11 U.S.C. § 727(a)(2).)

This Court's tentative ruling filed August 5, 2011, found the Complaint did not allege when or where the assets were transferred. The Fifth Claim for Relief of the First Amended Complaint cures the defect by alleging that within one year of the filing of debtor's petition, the debtor transferred specific identified properties, and where appropriate, identifies the transferor entities controlled by the debtor and identifies the transferees, individuals or entitles, and, where the transferees are unknown, the First Amended Complaint so alleges (First Amended Complaint, paragraph 33 through 42).

-5-

NOTICE OPPOSITION TO DEBTOR'S MOTION TO STRIKE AND OR DISMISS AMENDED ADVERSARY COMPLAINT FILED BY PLAINTIFF STEPHANIE TOY ROSEN, ET AL.

1    The Fifth Claim for Relief of the First Amended Complaint cures the deficiencies of the Fifth

2    Claim for Relief of the Complaint.

3    Plaintiffs' standing to pursue their 11 U.S.C. § 727(a)(2) claim was addressed supra.

4    PLAINTIFFS' SIXTH CLAIM FOR RELIEF (11 U.S.C. § 727(a)(3)(A).)

5    The Sixth Claim for Relief of the First Amended Complaint alleges the Debtor's failure to

6    maintain adequate books and records from which his financial condition can be ascertained. The

7    allegations in paragraph 44 identify the business entities controlled by the Debtor for which records were

8    not maintained. The identity of the Debtor's business entities cures the deficiency of the Complaint.

> However, the Bankruptcy Code does not condone a complete default in maintaining and
> preserving records from which basic information regarding a debtor's business and
> financial affairs can be obtained. As stated by the Ninth Circuit, most recently in *Caneva v.
> Sun Communities Operating Limited Partnership (In re Caneva),* 2008 WL 4791680 (9th
> Cir. Nov.5, 2008), "the purpose of § 727(a)(3) is to make discharge dependent on the
> debtor's true presentation of his financial affairs." *See Cox v. Lansdowne (In re Cox),* 904
> F.2d 1399, 1401 (9th Cir.1990) ("*Cox I*"), reiterated in *Lansdowne v. Cox (In re Cox),* 41
> F.3d 1294, 1296 (9th Cir.1994) ("*Cox II*"). " 'Creditors are not required to risk the
> withholding or concealment of assets by the bankrupt under cover of a chaotic or
> incomplete set of books or records.' " *Burchett v. Myers,* 202 F.2d 920, 926 (9th Cir.1953),
> cited in *Caneva,* 2008 WL 4791680 (9th Cir. Nov.5, 2008), and in *Cox I,* 904 F.2d at 1401.

15   (*In re Caron*, (Bankr. D. Or. 2008) 411 B.R. 706, 711-712.)

16   The Debtor's "knowing" or "fraudulent" failure to keep and maintain records is not an element of

17   a claim for denial of discharge under 11 U.S.C. § 727(a)(3) (A) (*In re Caron*, supra, 711).

18   Plaintiffs have identified those companies controlled by the debtor for which records were not

19   maintained without justification. The Sixth Claim for Relief of the First Amended Complaint therefore

20   cures the deficiency of the Seventh Claim for Relief of the Complaint by sufficiently alleging the

21   necessary elements of a denial of discharge under U.S.C. § 727(a)(A)(3).

22   PLAINTIFFS' SEVENTH CLAIM FOR RELIEF (11 U.S.C. § 727(a)(4)(A).)

23   The Seventh Claim for Relief of the First Amended Complaint cured the deficiencies of the Eighth

24   Claim for Relief of the Complaint by identifying the Schedules (First Amended Complaint, page 12, line

25   2) on which the Debtor failed to disclose assets or undervalued those assets that were disclosed. Paragraph

26   47 described the entities through which the Debtor controlled various properties which are also identified.

27   Paragraphs 48, 49 and 51 identify specific assets which the Debtor either failed to identify or undervalued

28   on Schedule A (paragraph 48) on Schedule B (paragraphs 49 and 51). The Debtor failed to identify the

Debtor's interest in the various corporations and limited liability companies described in the First Amended Complaint at Item Number 18 of his Statement of Financial Affairs (paragraph 50).

The Seventh Claim for Relief fairly apprises the Debtor of the allegations made against him in sufficient detail to allow him to adequately answer and prepare his defense. That is all that is required (*In re Englander, infra*, 427).

PLAINTIFFS' EIGHTH CLAIM FOR RELIEF (11 U.S.C. § 727(a)(4)(D))

Plaintiffs' Eighth Claim for Relief alleges the debtor withheld records of his various corporations and limited liability companies, which he owns or controls. The debtor is an "insider" of the corporations and limited liability companies which he "owns or controls" (11 U.S.C. § 101(31).). The term "corporation" used in bankruptcy includes Limited Liability Companies.

> In contrast, an LLC, by virtue of its structure and limited liability features, fits comfortably within the Bankruptcy Code's definition of "corporation" and, hence, is a "person" eligible to be a debtor. 11 U.S.C. § 101(9).

(*In re KRSM Properties, LLC*, (2004) 318 B.R. 712, 717, (B.A.P. 9th Cir.).)

The debtor withheld the records related to the properties listed in the Fifth and Seventh Claims for Relief (First Amended Complaint, paragraph 53 (incorrectly numbered 2). Paragraph 52 (incorrectly numbered 1) incorporates paragraphs 1 through 48 of the First Amended Complaint[1]. Paragraphs 46 of the First Amended Complaint, incorporated in the Eighth Claim for Relief in paragraph 52 (incorrectly numbered 1) alleges: ". . . the real properties and other assets of the debtor owned and controlled by the debtor in the names of various corporate entities and limited liability companies including, but not limited to the properties described in the Fifth and Sixth Claims for Relief of this Complaint . . .".

The entities for which the Debtor failed to provide financial records are alleged in paragraph 53 (incorrectly numbered 2), which incorporates the list of entities alleged in the Fifth and Seventh Claims for Relief.

The Eighth Claim for Relief sufficiently alleges the Debtor is an insider of the various corporations and LLCs listed in the Fifth and Seventh Causes of Action, that the Debtor failed to provide the documents related to those corporations and that he did so knowingly and fraudulently.

---

[1] Plaintiff intended to incorporate paragraph 1 through 51 and, in the absence of a stipulation allowing an amendment, will file a motion to do so.

-7-

NOTICE OPPOSITION TO DEBTOR'S MOTION TO STRIKE AND OR DISMISS AMENDED ADVERSARY COMPLAINT FILED BY PLAINTIFF STEPHANIE TOY ROSEN, ET AL.

If the Court deems it necessary to allege the Debtor knew he was the owner or in control of the various corporations and LLCs, that with actual knowledge of the Debtor's ownership and/or control over the corporations and LLCs, the Debtor intentionally or recklessly withheld the appropriate documents disclosing the financial affairs of the corporations and LLCs from the trustee of the estate entitled to possession of the documents, Plaintiffs respectfully request the opportunity to file one further amended complaint.

The First Amended Complaint sufficiently alleges the factual basis of Plaintiffs' claim. Generally, Plaintiffs need only allege: "2) a short and plain statement of the claim showing that the pleader is entitled to relief; . . . Federal Rules of Civil Procedure, Rule 8, made applicable to adversary proceedings by Federal Rules of Bankruptcy Procedure, Rule 7008. Allegations of fraud must be pled with more specificity.

> Based on the above standards, this Panel has held:
> a complaint objecting to discharge must "state with particularity the underlying facts and the wrong alleged so that the broad policy of the federal rules to fairly apprise parties of the complaint against them in sufficient detail to allow them to adequately answer and prepare their defense is ensured." *In re Schwartzman,* 63 B.R. 348, 355 (Bankr.S.D.Ohio 1986). *See also In re Baker,* 66 B.R. 652, 653 (Bankr.D.Nev.1986).
> *In re Jenkin,* 83 B.R. at 735.

(*In re Englander, supra*, 427.)

Debtor overstates the necessity of pleading the details of Plaintiffs' claims. All that is necessary, even when pleading fraud, is to allege the underlying facts with sufficient particularity to "fairly apprise parties of the complaint against them in sufficient detail to allow them to adequately answer and prepare their defense". Plaintiffs respectfully submit the details, such as the value of the properties, the assets or price received in exchange therefore, the exact dates of transfer, the identity of the transferees, and the debt owed on each property (Motion page 8, line 27 through page 9, line 2) are details better left to discovery and trial.

For the reasons set forth above, Plaintiffs respectfully submit Debtor's motion ought to be denied and, in the alternative, Plaintiffs be granted further leave to amend.

Dated: October 7, 2011

/s/ Lawrence D. Miller
LAWRENCE D. MILLER
Attorney for Creditor, Stephanie Rosen

-8-

NOTICE OPPOSITION TO DEBTOR'S MOTION TO STRIKE AND OR DISMISS AMENDED ADVERSARY COMPLAINT FILED BY PLAINTIFF STEPHANIE TOY ROSEN, ET AL.

Case: 11-03115    Doc# 20    Filed: 10/07/11    Entered: 10/07/11 16:43:44    Page 8 of 9

DECLARATION OF LAWRENCE D. MILLER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO STIRKE OR DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Comes now Lawrence D. Miller who does declare the following:

1. I am an attorney at law duly licensed to practice law before the courts of the State of California, and I am the attorney of record for the Plaintiffs, Mike and Stephanie Rosen, herein;

2. I am counsel of record for Claimant, Pamela Carmody, in the dissolution action between Charlene Guasch and James Guasch before the Santa Clara Superior Court, bearing case number 1-06-FL 132930. A hearing was held in said action on August 22, 2011, commencing at 9:00 a.m. The hearing began mid-morning and recessed at or about 5:00 p.m. I remained in San Jose conferring with my client until approximately 6:00 p.m.

3. I was physically tired by the time I left San Jose at approximately 6:15 p.m. and, instead of returning to my office, I went directly to my residence. I did not check my calendar for deadlines.

4. On August 23, 2011, I returned to my office and then realized that Plaintiffs' First Amended Complaint was to have been filed August 22, 2011. The First Amended Complaint had been completed but was undated. I then dated the First Amended Complaint for August 22, 2011, signed and filed the First Amended Complaint electronically.

5. My filing the First Amended Complaint on August 23, 2011, one day after the First Amended Complaint was due to be filed was not done in bad faith and I do not believe filing the First Amended Complaint one day late in any way prejudiced the Debtor nor can I conceive of how the tardy filing could have, in any way, prejudiced the Debtor.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 7th day of October, 2011 at Belmont, California.

/s/ Lawrence D. Miller
LAWRENCE D. MILLER

-9-

NOTICE OPPOSITION TO DEBTOR'S MOTION TO STRIKE AND OR DISMISS AMENDED ADVERSARY COMPLAINT FILED BY PLAINTIFF STEPHANIE TOY ROSEN, ET AL.