Entered on Docket
November 07, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: November 04, 2011

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-30705 TEC |
| CHRISTOPHER D. COOK, | Chapter 7 |
| Debtor. | |
| STEPHANIE ROSEN and MIKE ROSEN, | Adv. Proc. No. 11-3115 TC |
| Plaintiffs, | |
| vs. | |
| CHRISTOPHER D. COOK, | |
| Defendant. | |

**MEMORANDUM RE RULE 12(b)(6) MOTION TO DISMISS**

On October 21, 2011, the court held a hearing on Defendant's Rule 12(b)(6) Motion to Dismiss. Lawrence Miller appeared for Plaintiffs. Raymond Miller appeared for Defendant. Upon due consideration, and for the reasons stated on the record at the hearing, the court hereby resolves the motion as follows:

(1) The motion to dismiss should be denied to the extent that it is based on the argument that Plaintiffs have failed to timely file an amended complaint, because Plaintiffs filed the original

MEMORANDUM RE MOTION TO DISMISS      -1-

complaint within 60 days of the initial section 341 meeting,[1] and because the filing of the amended complaint one day late is not material. See Fed. R. Bankr. Pro. 4007(c).

(2) The motion to dismiss Plaintiffs' fifth, sixth, seventh, and eighth claims for relief under 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4) based on Plaintiffs' lack of standing should be denied, because a creditor may object to the granting of a discharge under section 727(a). See 11 U.S.C. § 727(c)(1).

(3) The motion to dismiss Plaintiffs' first claim for relief under 11 U.S.C. § 523(a)(2)(A) should be denied, because the complaint alleges: (1) a misrepresentation, a fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of debtor's statement or conduct; (3) intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1246 (9th Cir. 2001).

(4) The motion to dismiss Plaintiffs' fourth claim for relief under 11 U.S.C. § 523(a)(6) should be denied, because the complaint alleges that Defendant subjectively intended to injure Plaintiffs by allegedly: inducing Plaintiffs to stop making payments on a promissory note; initiating judicial foreclosure proceedings although Defendant was not entitled to a deficiency judgment; and causing Plaintiffs to spend $75,000 in attorney fees defending the

---

[1] The first meeting of creditors was scheduled for April 6, 2011. Plaintiffs' filed their nondischageability complaint on June 6, 2011.

**MEMORANDUM RE MOTION TO DISMISS**     -2-

action. <u>Carillo v. Su (In re Su)</u>, 290 F.3d 1140, 1143-45 (9th Cir. 2002).

(5) The motion to dismiss Plaintiffs' fifth claim for relief under 11 U.S.C. § 727(a)(2)(A) should be denied, because the complaint alleges: (1) transfers of real property; (2) made by the debtor; (3) within one year of the petition date; and (4) with the intent to hinder, delay, or defraud creditors. <u>See</u> 11 U.S.C. § 727(a)(2)(A).

(6) The motion to dismiss Plaintiffs' sixth claim for relief under 11 U.S.C. § 727(a)(3) should be denied, because the complaint alleges Defendant failed to keep or preserve *any* records related to business entities owed or controlled by Defendant. <u>See</u> 11 U.S.C. § 727(a)(3).

(7) The motion to dismiss Plaintiffs' seventh claim for relief under 11 U.S.C. § 727(a)(4)(A) should be denied, to the extent Defendant failed to schedule property or entities in which he possessed an ownership interest, because the complaint alleges Defendant: (1) had an ownership interest in specific assets; (2) failed to list specific assets on his bankruptcy schedules; and (3) knowingly and fraudulently made such omissions. <u>See</u> 11 U.S.C. § 727(a)(4)(A).

(8) The motion to dismiss Plaintiffs' seventh claim for relief under 11 U.S.C. § 727(a)(4)(A) should be granted **without** leave to amend: (i) to the extent the claim alleges that Defendant failed to schedule property held by entities he owned, because Defendant had no duty to schedule the property of third parties; and (ii) to the extent the claim is based on Defendant's undervaluation of assets in his bankruptcy schedules, because the complaint does not

allege with specificity the assets that were undervalued or the real value of those assets. See Fed. R. Bankr. Pro. 7009; Fed. R. Civ. Pro. 9(b).

(9) The motion to dismiss Plaintiffs' eighth claim for relief under 11 U.S.C. § 727(a)(4)(D) should be denied, because the complaint alleges that Defendant: (1) had an ownership interest in specific business entities; (2) failed to keep or preserve *any* records related to these business entities; and/or (3) knowingly and fraudulently withheld these records from the chapter 7 trustee. See 11 U.S.C. § 727(a)(4)(D).

**\*\*END OF MEMORANDUM\*\***